In the Matter of the Application of HARRY NADWORNY, Petitioner, for a Peremptory Order of Mandamus against GEORGE V. McLAUGHLIN, as Commissioner of the Police of the City of New York, and the CITY OF NEW YORK, Respondents.

Supreme Court, Bronx County, July 28, 1926.

**Municipal corporations — peremptory mandamus to compel commissioner of police of city of New York to establish and maintain inspection bureau for examination of taximeters in borough of The Bronx — said commissioner pursuant to Greater New York charter, § 368, has established three stations in borough of Manhattan — application denied where petitioner failed to show commissioner has not performed duties imposed by law.**

Petitioner's application for a peremptory order of mandamus directing the commissioner of police of the city of New York to establish and maintain an inspection bureau for the examination of taximeters in the place of business of petitioner's taximeter repair company or in any other part of the borough of The Bronx must be denied, where it appears that said commissioner has, pursuant to section 368 of the Greater New York charter, established three stations in the borough of Manhattan for· the examination of taximeters, and it is evident that the facilities and funds furnished the commissioner do not permit the extension of the service. Moreover, petitioner's application cannot be granted in the absence of proof that the police commissioner has failed to perform a duty imposed by law.

APPLICATION for a peremptory order of mandamus.

*Eisenberg & Eisenberg* [*Philip I. Schick* of counsel], for the petitioner.

*George P. Nicholson, Corporation Counsel* [*Joseph I. Berry* and *Martin H. Murphy* of counsel], for the respondents.

GIBBS, J. The petitioner moves for a peremptory order of mandamus directing the commissioner of police of the city of New York to establish and maintain an inspection bureau for the examination of taximeters in the place of business of petitioner's taximeter repair company or in any other part of The Bronx. He contends that the commissioner of police has discriminated as to the location of inspecting offices and that as a result the business of his company has been greatly impaired. The authority to issue licenses to owners of taxicabs in the city of New York is now vested in the police commissioner of that city. (Greater N. Y. Charter, § 368, added by Local Law, 1925, No. 9, of Municipal Assembly.) The examination of taximeters is conducted under his supervision. He has established three offices in the borough of Manhattan where these meters may be examined. Each of these places is in charge of a member of the municipal police department

whose duty is to examine and test all meters for accuracy and report his findings to his superior officer. The petitioner seeks an order of mandamus. It is elementary that before such remedy will be afforded it must affirmatively appear that the police commissioner has failed to perform a duty imposed by law. Petitioner does not urge that the police commissioner has violated any law, but rather that the establishment of an inspection office in Bronx county would be advantageous to the owners of taxicabs residing in that county. While it is desirous that such an office be maintained it is evident that the facilities and funds furnished the commissioner do not permit at present the establishment thereof.

Accordingly, the application is denied. Submit order.